**Short's Petition**

*Stephen M. Feldman,* for petitioner.

*Gregory J. Dean,* for respondent.

*Parker H. Wilson,* for Commonwealth.

GROSHENS, P. J., March 11, 1969.—This matter came before the undersigned for argument on the petition of Robert C. Short, owner, for the return of condemned property, and the rule issued pursuant

thereto, which was answered by respondent, Upper Merion Township, by a motion to strike the petition, to which motion to strike, the owner answered. On this state of the pleadings, the facts are as set forth in the pleadings for the purposes of disposition.

The statement of the facts contained in petitioner's brief is accurate and complete, and we accordingly adopt it herein:

"Petitioner was the owner of the tractor and trailer in question, which have a value of $16,000. On July 5, 1968, petitioner leased the tractor-trailer to Hennis Freight Lines, Inc. of Youngstown, Ohio, pursuant to a written lease which provided, inter alia, that Hennis would have exclusive possession, control and use of the vehicle and that Hennis would assume full responsibility for compliance with all federal, state and municipal laws. Beginning on July 8, 1968, pursuant to said lease the tractor and trailer were driven by one Harold Heintz, an agent of Hennis Freight, on the business of Hennis and subject to their exclusive control and direction.

"On October 15, 1968, Heintz was arrested in Upper Merion Township, Montgomery County and was charged with having driven the tractor-trailer with an overweight load in violation of the Act of April 29, 1959, P. L. 58, §903, as amended, 75 P.S. §903. On October 17, Heintz was given a hearing before Justice of the Peace James L. Davis, Jr., was found guilty and was fined $2,400 plus costs. Petitioner has not been charged with any violation.

"Upon default by Heintz of payment of the fine the justice of the peace ordered the sheriff to impound the tractor and trailer, whereupon the tractor and trailer were impounded and the tractor has been held by the sheriff ever since. On October 17, 1968, the sheriff sent a telegram to petitioner informing

him of the violation, fine and impoundage. This was petitioner's first notice. Heintz has not appealed from his conviction and the time therefor has expired.

"Petitioner terminated his lease with Hennis on November 15, 1968, entitling him to immediate possession of the tractor-trailer and then he filed the present petition alleging that, if Heintz was in fact guilty, petitioner neither caused, knowingly permitted, nor consented to the overweight violation and that he was totally ignorant thereof. Respondent answered the petition admitting all the facts alleged therein, but moving to dismiss the petition on the ground that The Vehicle Code does not provide for the redemption of the vehicle by the owner regardless of his innocence of the violation. Petitioner answered the motion to dismiss, asserting that, if Section 903 fails to provide for the return of the vehicle to an owner who is totally innocent of any complicity in the overweight violation, the statute is violative of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

"Following the impounding of the tractor and trailer petitioner failed to make certain payments due to Fruehauf Corporation, which held a security interest in the trailer pursuant to a conditional sales contract. Fruehauf thereupon declared petitioner in default and elected to repossess the trailer. Fruehauf filed a petition with this court as of Number 27, November Term, 1968, seeking return of the trailer. A rule for the allowance of said petition was made absolute by this court without opposition. Therefore, the present petition concerns only the tractor."

Petitioner first contends that the owner of a motor vehicle seized for violation of the overweight load provisions of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §901-909, is entitled to the return

of his vehicle upon proof that the unlawful use of the vehicle was without his knowledge or consent. With this contention we are in agreement.

Section 901 of The Vehicle Code, supra, provides: "Scope and effect of regulations"—"It shall be unlawful for any person to operate, or move, or for the owner to cause or knowingly permit to be driven or moved on any highway, any vehicle . . . of a size or weight exceeding the limitations provided in this act. . . ."

Section 903 prescribes the various weight limits, and, under "Penalty," prescribes the formulae for computing fines to be imposed upon "Any person operating any vehicle or combination of vehicles, upon any highway . . .," exceeding the prescribed weight limits.

Section 102, entitled "Definitions," defines "Operator" as "Every natural person who is in actual physical control of a motor vehicle or tractor upon a highway. . . ." There is no fine prescribed for the absent owner who, in violation of section 901, causes or knowingly permits an overweight violation. However, section 903 further provides under "Penalty:"

"In default of payment of any fine and costs of prosecution imposed, pursuant to the foregoing provisions of this penalty clause, the magistrate shall impound the vehicle, or combination of vehicles, and order the arresting officer, or other peace officer to seize them. The magistrate shall, forthwith, notify the sheriff of the county wherein the violation occurred, who shall store the impounded vehicle, or combination of vehicles. The sheriff's costs, storage costs, and all other costs incident to impounding, shall be deemed additional costs of prosecution. The sheriff shall give immediate notice by telegram and registered mail, return receipt requested, of the impoundment and location of the vehicle, or com-

bination of vehicles, to the owner of said vehicle, or combination of vehicles, and the owner of the load if said owners' names and addresses are known or can be ascertained by the sheriff.

". . . In case any vehicle or combination of vehicles impounded, or the load thereon as aforesaid, shall remain unredeemed, in the case of the vehicle or combination of vehicles and unclaimed, in the case of a load, for a period of sixty (60) days after notice of impoundment is given as aforesaid, the same shall be deemed to be abandoned and shall be disposed of by the sheriff upon order of the magistrate, in accordance with the procedures outlined in section 4 of the act, approved the 3rd day of July, A.D. 1941 (Pamphlet Laws 263), with the exception that the reference to a court therein contained for the purposes of this act, shall be construed to mean magistrate: And provided further, That the proceeds of such sale shall first be applied to the payment of costs, and after the payment of encumbrances shall be applied to the payment of the fine, and the balance thereof shall be remitted to the owner."

Thus, the owner is in certain cases penalized up to the value of the vehicle or combination of vehicles.

It is well settled that the interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature and that very statute shall be construed, if reasonably possible, to give effect to all its provisions. It is equally well settled that penal statutes must be strictly construed. It is crystal clear from the language of the "Scope and effect of regulations" (section 901, supra) that the legislature intended to penalize only those owners who "cause or knowingly permit" a vehicle to be driven or moved upon a highway of a weight exceeding the statutory limitations, and that only such an owner whose vehicle should be forfeited if the fine imposed on the operator is unpaid. If, on the other hand, as respondent contends, the ve-

hicles of all owners, regardless of their complicity, are to be forfeited, the language of section 901, making it unlawful only for the owner "to cause or knowingly permit" the violation, would be rendered meaningless and ineffective.

The construction of The Vehicle Code for which respondent contends could lead to totally absurd results, such as where the owner of a vehicle which is stolen forfeits title to his vehicle because the thief drives it overweight and is unable to pay the fine.

Petitioner also contends that if The Vehicle Code provides no remedy for an owner who did not "cause or knowingly permit" the overweight violation, The Vehicle Code, supra, violates the due process clause of the United States Constitution. With this contention we also agree.

If The Vehicle Code does not afford petitioner the right to obtain the return of his tractor upon a showing of his lack of knowledge of the overweight violation, the statute deprives him of property without due process of law. In the record now before us, it has been admitted that petitioner did not cause or knowingly permit the violation, and petitioner has not been charged personally with any violation.

In One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 14 L. Ed. 2d 170 (1965), the Supreme Court exploded the belief which may have previously existed that the impounding of personal property pursuant to the police powers did not have to meet the requirements of due process applicable to the criminal law. In that case the Supreme Court held:

"(A)lthough the owner of goods, sought to be forfeited by a proceeding in rem, is not the nominal party, he is, nevertheless, the substantial party to the suit; he certainly is so, after making claim and defence; and, in a case like the present, he is entitled to all the privileges which appertain to a person who is prosecuted for a

forfeiture of his property by reason of committing a criminal offence": 380 U.S. at 701, n. 11, 14 L. Ed. 2d at 175, n. 11.

Another recent expansion of the concept of due process occurred in Lambert v. California, 355 U.S. 225, 2 L. Ed. 2d 228 (1957), where the Supreme Court held the California Criminal Registration Act unconstitutional because of defendant's ignorance of the requirement of registration. The court held:

"We do not go with Blackstone in saying that 'a vicious will' is necessary to constitute a crime, 4 Bl. Comm. *21, for conduct alone without regard to the intent of the doer is often sufficient. There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition. (Citation) But we deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed": 355 U.S. at 228, 2 L. Ed. at 231.

Likewise, the conduct of petitioner in the instant case was wholly passive.

Nor can justification be found for the impounding of petitioner's tractor in the argument that enforcement of The Vehicle Code requires it. Heintz was the agent of Hennis Freight Lines, not the agent of petitioner. Heintz was on Hennis' business and subject to their control. Thus, it was not within petitioner's power to prevent the violation.

If interpreted as respondent contends, The Vehicle Code would also violate the due process clause by failing to afford the owner timely notice of the violation and an opportunity to defend. The Vehicle Code provides for notice to the owner only after summary conviction of the driver, the imposition of the fine, the failure of the driver to pay the fine and the impound-

ment of the vehicle: section 903 — penalty. In the present case, notice was not given to the owner until October 17, 1968, following the conviction, fine, default and impoundment. No procedure is prescribed in The Vehicle Code for a hearing to be given the owner at which he can assert his rights or contest the guilt of the driver. Although the driver has the right to appeal his summary conviction to the common pleas court, criminal division, and obtain a trial de novo, that right extends only to the party to the summary conviction. Thus, the owner of the vehicle, who has not even been charged with a crime, would have no rights in the appeal proceedings and, if the driver fails to appeal his summary conviction, as he very well might, since there are no penalties upon the driver in default of payment of the fine, no provisions are made to afford the owner a hearing at any state.

As the Supreme Court said in Lambert v. California, 355 U.S. 225, 228, 2 L. Ed. 2d 228, 231:

"On the other hand, due process places some limits on its exercise. Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed."

## ORDER

And now, March 11, 1969, the motion to dismiss is denied, the rule is made absolute, and it is ordered and decreed that One International Tractor, serial number OCOF405-EF26731 be returned forthwith to petitioner.